## THE CITY OF WINFIELD V. THE WINFIELD GAS COMPANY.

CONTRACT—*All Parts to be Given Force.* Where a gas company contracts with a city to light its streets at a stipulated sum for each lamp per year, and to keep the same lighted every night in the year, except when the moon gives sufficient light, and to the contract a proviso is added that the city shall not be liable for rent for any lamp for any night when the same is not lighted, *held*, that full force and effect must be given to the entire contract, including the proviso; and that the city is not liable for rent of lamps on moonlight nights when lamps are not lighted.

*Error from Cowley District Court.*

ACTION by *The Gas Company* against *The City*, to recover $838.15, with interest thereon from January 15, 1885, as rent for certain lamp-posts. The defendant demurred to plaintiff's petition. This demurrer was heard and overruled at the December Term, 1885. To reverse this ruling *The City* brings the case here. The facts are sufficiently stated in the opinion.

*W. T. Madden,* city attorney, and *C. I. Forsyth,* for plaintiff in error.

*J. F. McMullen,* for defendant in error.

Opinion by CLOGSTON, C.: The Winfield Gas Company brought an action against the city of Winfield, to recover for rent of sixty lamp-posts, alleged to have been rented by plaintiff to defendant, at the yearly rent of $30 per lamp-post. The plaintiff claimed under a contract embraced in an ordinance passed by the city, a copy of which ordinance was attached to and made a part of its petition. The defendant demurred on the ground that the petition did not state a cause of action against it; which demurrer was overruled. To reverse this ruling, the defendant brings the case to this court.

The record contains a stipulation that the only question for consideration in the court below was, the construction to be given to § 1 of the ordinance attached to the plaintiff's petition;

and that if the court construed the ordinance so as to make the city liable, as is claimed by the plaintiff, then the demurrer was to be overruled; but if the court construed the ordinance so as not to make the city liable for rent on any night when the moon gave sufficient light, then the demurrer was to be sustained. Said § 1 is as follows:

"SECTION 1. That in consideration of the benefit that will accrue to the city of Winfield by the construction of gas works, the laying of pipes, and the lighting of the streets, public buildings and places of said city, the city of Winfield hereby agrees to rent and does rent from William Whiting, his heirs, successors and assigns, for and during the term of twenty-one years, sixty lamp-posts, at an annual rental of thirty dollars for each lamp-post, payable in semi-annual installments, on the 15th day of January and the 15th day of July in each year. Said rental to commence as follows: As to the posts on Main street, when the posts there contracted for shall be furnished with gas, and ready for lighting; as to the balance, whenever a number of ten or more is ready for lighting, and the city notified of the same in writing; and for said rental said William Whiting, his heirs, successors and assigns, shall supply the necessary gas for said lamp-posts, and shall furnish a good gas light, and shall at his and their own charge attend to the proper lighting and extinguishing the lights; said lights to be kept burning during the entire year, from dark until 11:30 P. M., except when the moon shall furnish sufficient light: *Provided*, The city shall not be liable to pay rent for any lamp-post during any time light shall not be furnished by the same."

The plaintiff company claimed that under this ordinance it was entitled to receive $30 per year for each lamp-post for whatever time it became necessary to have the lamps lighted, and that the contract was made with this understanding; while the defendant contended that by the proviso to said ordinance it was not to be liable to pay rent, except during the nights in which the lamps were lighted. The ordinance contains all the necessary elements upon which the plaintiff bases its claim, and is in harmony and consistent with its construction; and, were it not for the proviso added thereto, this claim would be tenable. But if it was the intention of the parties that the

city should pay $30 a year rent for each lamp-post, and take no account of the nights in which the moon gave sufficient light, and the lamps by reason of said moonlight were not lighted, then why was the proviso added?

In construing contracts the rule is, and ought to be, that full force and effect must be given to each and all provisions of a contract, if it can be done; and if under any theory of the case consistent with the entire contract, force and effect can be given to all its parts, that construction ought to be adopted; unless, on the other hand, by giving force and effect to the entire contract, the contract thereby becomes unreasonable and inconsistent with the nature and character of the matters under consideration, or in the minds of the parties at the time the contract was made, and then such construction must be given it as will most clearly carry out the express intention of the parties making the contract. Now to give this contract or ordinance the construction which plaintiff seeks for it, would be to entirely eliminate this proviso from the ordinance, because the ordinance would contain every element contended for by the defendant in error without it; while upon the other hand, to give the entire ordinance, including the proviso, force and effect, is to adopt the construction claimed by the defendant, plaintiff in error; and this is also seemingly consistent with the nature and character of the business about which the parties were contracting. The city was renting lamps for public lighting; it was contracting for light. Now what would be more reasonable than for it to add this proviso, that it was to pay for lights only when the lights would be a benefit to the city?

. The ordinance provides that the gas company is to keep the lamps lighted during every night in the year, from dark until 11:30 P. M., except such nights as the moon gives sufficient light. It became the duty of the plaintiff by the terms of this contract to light and extinguish the lamps. This would seem to give it the right to determine what nights the moon gave sufficient light, and what nights it was necessary to light the lamps. There would be no way of ascertaining or deter-

mining beforehand how many nights it would be necessary to have the lamps lighted. The contract does not provide that the lamps shall not be lighted on moonlight nights, but only on such nights as the moon does not furnish sufficient light. In view of this, the city made a proviso, not knowing how many nights the lamps would be lighted, or necessary to be lighted. It placed this proviso at the end of the contract as a wise protection; and this court cannot say that this proviso, as a part of the contract, was placed there to have no effect or meaning.

It is therefore recommended that the case be reversed, and that the court below be directed to sustain the demurrer.

By the Court: It is so ordered.

All the Justices concurring.